Douglas R. PIERCE, Appellee,

v.

Pauline E. PIERCE, Appellant.

No. 63166.

Supreme Court of Iowa.

Jan. 23, 1980.

Richard O. Habermann, Griswold, for appellant.

Ronald L. Comes of Kraschel & Comes, Council Bluffs, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McGIVERIN, Justice.

Defendant Pauline E. Pierce appeals from district court judgment granting plaintiff Douglas R. Pierce custody of their five children upon his petition for modification in Iowa of a Florida decree under section 598.21, The Code 1977, *as amended by* 1977 Session, 67th G.A., ch. 139, section 27. Defendant contends the trial court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act to modify the Florida decree, which had granted her custody. The Act, 1977 Session, 67th G.A., ch. 139, was effective July 1, 1977, and now appears as chapter 598A, The Code 1979. The court assumed jurisdiction and reached the merits of plaintiff's petition. We reverse because we find the court lacked subject matter jurisdiction to modify the Florida decree.

Pauline E. Pierce asserts, as her sole ground of error, that the trial court lacked subject matter jurisdiction to hear plaintiff's petition and, therefore, improperly reached the merits of the petition.

The following facts relate to the jurisdiction issue.

Pauline Pierce and Douglas Pierce were married on December 20, 1964. They were married for twelve years and during that time had five children.

On December 20, 1976, a decree dissolving the marriage of Pauline and Douglas was issued by the circuit court of the Fourth Judicial Circuit, in and for Duval County, Florida. The decree granted custody and control of the minor children of the parties to Pauline.

On April 7, 1977, the Florida court modified the December 20, 1976, decree and granted custody and control of the children to Douglas upon his motion.

Douglas subsequently removed the children from the state of Florida to Pottawattamie County, Iowa.

On June 6, 1977, the Florida court modified the April 7, 1977, decree and granted

custody and control to Pauline upon her motion. Douglas did not appear personally to challenge that motion. In the June 6 decree, as well as in each prior decree, the Florida court stated it retained jurisdiction of the case.

On June 15, 1977, Douglas received notice of the Florida court's June 7 order granting Pauline custody of their five children. Thereafter, on July 8, 1977, Douglas filed a petition under section 598.21, The Code, in Pottawattamie district court requesting that custody be granted to him.

In his petition, Douglas complied with the provisions of section 598.25 by presenting to the court the names and addresses of the parties to the dissolution decree and the name and place of the court that granted the decree, as well as the date of the decree. He also included the same information relative to the April 7 and June 6 modifications.

Douglas not only requested a modification of the June 6 decree, but also claimed that the Florida court lacked subject matter jurisdiction to issue the June 6 order. He further requested an investigation of the home situations presented by himself and Pauline, a temporary injunction without notice and without bond restraining Pauline from removing the children from the state of Iowa or otherwise interfering with Douglas' possession of said children, and that temporary custody be granted him during the pendency of this matter.

On July 8 the court granted the temporary injunction sought by Douglas and ordered that Pauline be served personally with the original notice of this matter. The hearing on Douglas' request for temporary custody and continuation of the temporary injunction was set for August 17, 1977.

The court, on August 17, ordered an investigation into the home environment and suitability of Douglas to have custody and a like investigation of Pauline. The court also granted Douglas' request for temporary custody and ordered that the temporary injunction continue in full force and effect. Pauline did not appear to defend at that hearing.

On December 27, 1978, the merits of Douglas' petition came before the district court for hearing. Pauline did not file an answer, but appeared personally and through her attorney moved to dismiss claiming the district court lacked jurisdiction to hear Douglas' petition for modification under chapter 598A, The Code.

Pauline asserts that sections 598A.3 and 598A.6 operate in such a way as to deny jurisdiction to the Iowa district court of Pottawattamie County. Pauline contends that because the Florida court retained jurisdiction under its June 6 custody decree, a proceeding concerning the custody of the children was "pending" in Florida before the Iowa court assumed jurisdiction; therefore, under section 598A.6 the court should have stayed the Iowa proceeding for the purpose of determining whether Iowa or Florida was the more appropriate forum for handling this case. She further claims that in light of the legislative intent set forth in section 598A.1 and the provisions of section 598A.13 the Iowa court should have recognized and enforced the June 6 Florida decree and declined to take jurisdiction.

Because we decide the issue of whether the Iowa district court had subject matter jurisdiction under chapter 598A on grounds other than the ones set forth by Pauline, we need not reach the merits of her specific argument.

■■■■ While Pauline argues lack of subject matter jurisdiction in the Iowa district court on a specific statutory ground, we are not limited in our review to consideration of that specific argument. "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong." *Green v. Sherman*, 173 N.W.2d 843, 846 (Iowa 1970). "When a court acts without legal authority to do so, it lacks jurisdiction of the subject matter." *In re Adoption of Gardiner*, 287 N.W.2d 555, 559 (Iowa 1980). "The court's jurisdiction of the subject matter however may be raised at any time and is not waived

even by consent." *Green*, 173 N.W.2d at 846. We will determine subject matter jurisdictional issues even though not raised in the appellate briefs of either party. *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 302 (Iowa 1975). Also, we will examine the grounds for jurisdiction on our own motion before proceeding further. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978). If we determine subject matter jurisdiction is absent, an order dismissing the petition is the only appropriate disposition. *Lloyd v. State*, 251 N.W.2d 551, 558 (Iowa 1977). We therefore must determine whether the district court of Iowa lacked subject matter jurisdiction on any grounds.

 Section 598.21 provides that orders relating to child custody "shall" be subject to the provisions of chapter 598A. It is therefore necessary that all jurisdictional requirements under chapter 598A be met where that chapter is applicable to a proceeding to modify a custody decree. The provisions of chapter 598A, the Uniform Child Custody Jurisdiction Act, obviously apply to this request by Douglas to modify the Florida custody decree. *See* 1977 Session, 67th G.A., ch. 139, § 1 (now § 598A.1, The Code 1979).

When dealing with a modification of a child custody decree of another state, an Iowa court must first consider the provisions of section 598A.14. That section in pertinent part provides:

> If a court of another state has made a custody decree, a court of this state *shall not modify that decree unless* it appears to the court of this state that *the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.*

(Emphasis added.)

 Two requirements under section 598A.14 *must* be met before an Iowa district court can modify a custody decree from another state. First, the court that rendered the decree cannot now have jurisdiction under jurisdictional prerequisites substantially in accordance with chapter 598A or the court that rendered the decree has declined to assume jurisdiction to modify the decree. Second, the district court of Iowa must have jurisdiction.

While it may be true that the Pottawattamie district court had jurisdiction to modify the custody decree under the provisions of chapter 598A apart from the first requirement of section 598A.14, we do not reach the question because we find the first requirement of section 598A.14 was not met in the present case.

The record does not show that the Florida court at any time declined to assume jurisdiction to modify its most recent custody decree. In fact, the Florida court had exercised jurisdiction as recently as June 6, only one month prior to the date Douglas filed his petition in Iowa.[1]

We must determine whether the Florida court, which rendered the decree to be modified, "does not *now* have jurisdiction under jurisdictional prerequisites substantially in accordance with . . . " chapter 598A, within the meaning of that language. § 598A.14.

 The term "now" as used in section 598A.14 refers to the time of the filing of the petition requesting modification. Uniform Child Custody Jurisdiction Act § 14 note. We therefore focus our attention on July 8, 1977, and determine if the Florida court substantially met the jurisdictional requirements of the Act.

 As the Florida court did here, courts that render a custody decree normally retain continuing jurisdiction to modify the decree under local law. In order to achieve greater stability of custody arrangements and avoid forum shopping, the Iowa court, under the provisions of section 598A.14, will defer to the continuing juris-

---

1. We are not asked in this appeal to determine whether the Florida court properly exercised jurisdiction in making its June 6, 1977, modification decree.

diction of the court of another state as long as that state has jurisdiction under the standards of chapter 598A. *See Barcus v. Barcus*, 278 N.W.2d 646, 649 (Iowa 1979). In other words, all petitions for modification should be filed in the prior state if that state has sufficient contact with the case to substantially satisfy section 598A.3. Uniform Child Custody Jurisdiction Act § 14 note.[2]

Section 598A.3 provides in pertinent part:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child-custody determination by initial or modification decree if:

a. This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;

. . . . .

2. Except under paragraphs "*c*" and "*d*" of subsection 1, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child-custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.

In order to determine if the Florida court had jurisdiction on July 8, 1977, under section 598A.3(1)(a) it is necessary to determine the meaning of "home state." Section 598A.2(5) provides:

"*Home state*" means the state in which the child, immediately preceding the time involved, lived with the child's parents, a

parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

Under the definition of "home state," Florida cannot be considered the "home state" of the children on July 8. The children had not lived with a parent in Florida at least six consecutive months immediately preceding July 8, the time involved herein.

■ However, Florida, on July 8, did have jurisdiction in accordance with other provisions of section 598A.3(1)(a). The Florida court will have jurisdiction where Florida "had been the child's home state *within* six months before commencement of the proceeding and the child is absent from [Florida] because of . . . retention by a person claiming custody or for other reasons, and a parent . . . continues to live in [Florida] . . . ." § 598A.3(1)(a) (emphasis added). Florida was the "home state" of the Pierce children until they moved to Iowa with their father just after April 29, 1977. The children had lived in Florida with one or both of their parents for at least six consecutive months prior to that time. Therefore, Florida was the "home state" of the children *within* six months before commencement of this proceeding in Iowa. The children were absent from Florida because of retention by Douglas, who was claiming custody under the April 7 decree. Also, Pauline continued to live in Florida on July 8. Because the factors set forth in section 598A.3(1)(a) granting Florida jurisdiction under the facts of this case are met, Florida had jurisdiction on July 8 under the jurisdictional prerequisites substantially in accordance with the Uniform Child Custody Jurisdiction Act. §§ 598A.14 and .3; *see Fry v.*

2. We note that on October 1, 1977, Florida adopted the Uniform Child Custody Jurisdiction Act as Fla.Stat. §§ 61.1302–.1348. 1977 Fla.Laws, c. 77–433. The fact that Florida did not enact the uniform act until Oct. 1, 1977, does not affect the applicability of our Act to

this case. As we said in *Barcus v. Barcus*, 278 N.W.2d 646, 649–50 (Iowa 1979), the Uniform Child Custody Jurisdiction Act is not a reciprocal law and it may be put into *full* operation regardless of whether the other state involved in the case has enacted the statute.

*Ball*, 190 Colo. 128, 132–33, 544 P.2d 402, 406 (1975). Not only did Florida have jurisdiction under the jurisdictional prerequisites *substantially* in accordance with the Act, but exactly in accordance with the Act. Also, under Florida law, the Florida court retained continuing jurisdiction to modify the custody decree.

■ Because of the mandatory nature of section 598A.14 requirements, we hold that the Pottawattamie district court incorrectly assumed subject matter jurisdiction to hear the merits of Douglas' July 8, 1977, petition.

■ Our holding is in complete accord with the expression of legislative intent found in section 598A.1. We repeat here several of the general purposes of chapter 598A expressed in that section: (1) to *avoid jurisdictional competition* and conflict with courts of other states in matters of child custody; (2) to assure that litigation concerning custody takes place in the state that the child and family have the closest connection and where significant evidence of the child's care, protection, training and personal relationships is most readily available; (3) to *discourage continuing controversies* over child custody; (4) to *avoid relitigation* of custody decisions of other states insofar as feasible; (5) to facilitate the enforcement of custody decrees of other states; and (6) to promote and expand the exchange of information between states concerned with the same child.

Our holding is strictly limited to the facts of this case. All orders of the district court are vacated and this case is reversed for the reasons stated above. We hereby dismiss plaintiff's petition at his costs.

REVERSED.