**In re the MARRIAGE of Steven Phillip MINTLE and Deborah Lynn Mintle n/k/a Deborah Lynn Norton.**

**Upon the Petition of Steven Phillip · Mintle, Appellant,**
**And**
**Concerning Deborah Lynn Mintle, n/k/a Deborah Lynn Norton, Appellee.**

**No. 64598.**

Supreme Court of Iowa.

July 16, 1980.

Ann Fitzgibbons, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Donald J. Charnetski, of Thomasek, Vogel & Charnetski, Grinnell, for appellee.

Considered by REES, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

McCORMICK, Justice.

Petitioner Steven Phillip Mintle (Steve) appeals from a judgment of the trial court refusing to exercise jurisdiction under the Uniform Child Custody Jurisdiction Act, chapter 598A, The Code, over his application to modify the child custody award in a Colorado dissolution decree. Respondent Deborah Lynn Norton (Debbie) cross-appeals from the court's denial of her request for reimbursement of fees and expenses incurred in coming from Colorado to defend the action. We affirm on both appeals.

The Colorado decree dissolving the marriage of the parties was entered in December 1976. The decree awarded custody of their child, Desiree, born May 26, 1975, to Debbie, who remained in Colorado. In April 1977 Desiree came to Iowa to live with Steve and his present wife at Debbie's request. She remained with them until June 1979, when Debbie refused to return the child after a visitation in Colorado. In August 1979 Steve petitioned the Colorado court to modify the decree to give him custody of Desiree. Debbie moved to dismiss the petition on the ground Steve's own supporting affidavit rebutted the only basis for modification under Colorado law which he alleged, and in October 1979 her motion was sustained. The Colorado court found it

had jurisdiction of the parties and subject matter but held that the petition was without merit because Steve's supporting affidavit showed he could not prove the ground for modification alleged.

On January 2, 1980, Desiree came to Iowa for an agreed two-week visitation with Steve. He refused to return her at the end of that time. Instead, on January 25, 1980, he filed the present application for modification of the Colorado decree to give him custody. Debbie appeared specially. After an extensive hearing in which the history of the situation was fully explored, the trial court sustained the special appearance and dismissed the petition. In doing so, the court held that Debbie was not entitled to reimbursement for fees and expenses because the adjudication was not based on section 598A.8. The appeal and cross-appeal followed.

I. *The appeal.* The trial court relied on section 598A.14 in refusing to take jurisdiction of the application for modification of the Colorado decree. In material part, section 598A.14 provides:

If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.

We construed and applied this provision in *Pierce v. Pierce,* 287 N.W.2d 879 (Iowa 1980). In doing so we said it imposes two conditions which must be satisfied before an Iowa court can modify a foreign decree. First, the court which rendered the decree must either lack jurisdiction under prerequisites like those in section 598A.3 or have declined to assume jurisdiction to modify the decree. Second, the Iowa court must have jurisdiction. *Id.* at 882.

Here, as in *Pierce,* the first of the conditions has not been met. Colorado would have jurisdiction under standards like those in section 598A.3. This is because Colorado "had been the child's home state within six months before commencement of the proceeding and the child [was] absent from [Colorado] because of removal or retention by a person claiming custody . . . and a parent . . . [continued] to live in [Colorado]." § 598A.3(1)(a). Colorado was Desiree's "home state" when she came to Iowa for the January 1980 visitation because she had lived there with Debbie as of that time for "at least six consecutive months." *See* § 598A.2(5). Moreover, Colorado had not declined to take jurisdiction of a modification application. Colorado has the UCCJA, and under Colo.Rev.Stat. § 14–13–104 (1973), that state's counterpart of section 598A.3, the Colorado court had entertained and rejected such an application on its merits only three months before the Iowa action was brought. Under the principles explained in *Pierce,* it was mandatory for Iowa courts to refuse jurisdiction of the case. *See also In re Custody of Glass,* 36 Colo.App. 91, 537 P.2d 1092 (1975). The jurisdiction-shopping which occurred here is one of the main things chapter 598A is intended to prevent. *See* § 598A.1(1).

The trial court was right in holding that it was obliged to refuse jurisdiction.

II. *The cross-appeal.* Although the application to modify the decree was dismissed on the jurisdictional ground, the parties introduced evidence on the merits of the custody issue, including testimony of Debbie who traveled from Colorado to Iowa for the proceeding. The record includes evidence of her expenses for travel, lodging, and attorney fees.

The trial court held that if jurisdiction were not barred under section 598A.14, it would be declined under section 598A.8 which gives the court discretion to decline jurisdiction of an application to modify when the petitioner "has improperly retained the child after a visit or other temporary relinquishment of physical custody." *See Barcus v. Barcus,* 278 N.W.2d 646, 650 (Iowa 1979). Because the holding was not in fact based on section 598A.8, the court refused to allow Debbie reimbursement for her expenses.

In contending the ruling was incorrect, Debbie points to four places in chapter 598A in which reimbursement for expenses is provided. They include sections 598A.7(7), 598A.8(3), 598A.11(3), and 598A.15. However, the record does not show she requested reimbursement of her expenses in the trial court under the authority of any provisions other than sections 598A.7(7) and 598A.8(3). Even those provisions were merely quoted in her trial brief. Section 598A.7(7) provides authority for reimbursement when jurisdiction is declined on the ground of inconvenience of the forum. That ground was not involved here and thus cannot serve as basis for an award. As the trial court held, section 598A.8(3) is inapplicable for the same reason. Section 598A.11(3), which authorizes expenses to be sought by a party outside the state who "desires to appear personally before the court," and section 598A.15, which authorizes an award of expenses for proceedings necessary to enforce out-of-state decrees, were not invoked in the trial court and cannot be relied on for the first time here.

The trial court did not err in refusing to order expense reimbursement on the bases which were invoked there.

 A different issue is presented by Debbie's application to this court for attorney fees incurred for appellate services. No authority for the award is cited, but we presume she relies on the statutory provisions cited in her appellate brief in challenging the trial court's refusal to make an award for trial fees and expenses. Sections 598A.7(7) and 598A.8(3) are inapposite here for the same reason they were inapposite in the trial court. Similarly, section 598A.15 is inapplicable because it only authorizes awards in proceedings brought to redress violations of out-of-state decrees. This leaves section 598A.11(3) which gives a trial court discretion to grant a request of a party who desires to appear personally before the court for payment of "travel and other necessary expenses of the party so appearing  .  .  ., if this is just and proper under the circumstances."

The problem with Debbie's reliance on this provision is that it does not purport to authorize payment of appellate attorney fees. The other provisions relied on specifically mention attorney fees; section 598A.11(3) does not. Furthermore, although we find no cases which have interpreted the provision, the Commissioners' Prefatory Note characterizes it as means to obtain payment for travel expenses. *See 9 Uniform Laws Annotated Uniform Child Custody Jurisdiction Act*, 114 ("The Act stresses the importance of personal appearance before the court of nonresidence who claim custody, and of the child himself, and provides for the payment of travel expenses for this purpose.") In their Note to section 598A.11(3), the Commissioners say: "Subsection [3] helps to finance travel to the court which may be close to one of the parties and distant from another; it may be used to equalize the expense if this is appropriate under the circumstances." *Id.*, Commissioners' Note, 148. In view of the purpose of the provision, we do not believe appellate attorney fees are an allowable expense under section 598A.11(3).

Because no authority exists for an award of appellate attorney fees in the circumstances presented here, we deny Debbie's application for an award of fees in this court.

AFFIRMED ON BOTH APPEALS.