In the Matter of the Marriage of

COTTER, aka HOHMAN,
formerly WOODS,
*Appellant,*

*and*

WOODS,
*Respondent.*

(D8203-67295; A25254)

666 P2d 1382

Janet A. Metcalf, Portland, argued the cause for appellant.
With her on the brief was English & Metcalf, Portland.

Norman L. Lindstedt, Portland, argued the cause for respondent. With him on the brief was Lindstedt & Buono, P.C., Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

### NEWMAN, J.

Mother filed a motion to modify a California decree of joint child custody. She asked the Oregon court to award sole custody of the parties' daughter to her. The Oregon court granted father's motion to dismiss. She argues that the Oregon court erred in finding that California still has jurisdiction and appeals from the order of dismissal. We affirm.

The parties were married in Oregon in 1972. During the marriage, they lived in California, where the child was born in 1975. A California decree dissolved the marriage in 1977 and awarded custody to mother. In July, 1980, father moved in California to modify the decree to change custody to him or to provide for joint custody. In August, 1980, mother, her new husband and the child moved to Oregon. Before ruling on the modification, California Family Court Services conducted a study of the parties in Oregon and California and recommended joint custody. In July, 1981, the California court entered an order making mother and father joint custodians of the child, with physical custody in mother. The order gave father visitation rights during two summer months, Christmas, Thanksgiving, Spring vacation and an optional four-day visitation per month. Because father lives in California, the visits take place in California. In February, 1982, mother filed her motion in Oregon to modify the California decree to end joint custody and grant sole custody to her.[1]

Both Oregon and California have adopted the Uniform Child Custody Jurisdiction Act (UCCJA). *See* ORS 109.700-109.930; West's Annot. California Code, Civil Codes 5150 *et seq.* ORS 109.840(1) provides:

> "If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jursidiction under jurisdictional prerequisites substantially in accordance with ORS 109.700 to 109.930 or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."

---

[1] Mother's motion also sought modifications in father's visitation schedule and an order requiring father to pay for the child's counseling.

Oregon, therefore, may not modify California's joint custody decree if California has retained jurisdiction under jurisdictional prerequisites substantially in accordance with ORS 109.700 to ORS 109.930. *See Fenn and Fenn,* 63 Or App 506, 664 P2d 1143 (1983). Those prerequisites, as set forth in ORS 109.730, are in part:

"(1)   A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a)   This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; (or)

"(b)   It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state, substantial evidence concerning the child's present or future care, protection training and personal relationships * * *."

■      Because the child and mother have lived in Oregon since 1980, Oregon also has jurisdiction as the child's "home state."[2] We hold, however, that Oregon, under ORS 109.804(1), must decline to modify the California joint custody decree, because California continues to have jurisdiction under jurisdictional prerequisites substantially in accordance with ORS 109.730(1)(b).

The determinative jurisdictional factors under ORS 109.730(1)(b) are:

1.   The child and at least one contestant must have a significant connection with the state whose jurisdiction is at issue; *and*

---

[2] "Home state" is defined as follows:

"(5) 'Home state' means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period." ORS 109.710(5).

2. There must be available, in the state whose jurisdiction is at issue, "substantial evidence concerning the child's present or future care, protection, training, and personal relationship.

Mother concedes that the extended periods of visitation enjoyed by father in California may constitute a "significant connection" between the child, father and California. Mother argues, however, that there is no "substantial evidence concerning the child's present and future care" available in California and that California has lost jurisdiction. The record shows, however, that the child was born in California and that California was the only state where the child, mother and father lived together as a family. There is substantial evidence available in California concerning the child's present and future care. Father, the stepmother and the grandparents reside in California. The child visits father there for extended periods. Evidence is available from friends of the family in California regarding parental attitudes toward the child. There is substantial evidence of medical care of the child there. The California court conducted a custody study and modified its original decree in 1981 to order the joint custody. Finally, there is no evidence that California has declined to assume jurisdiction to modify the custody decree. We conclude that California continues to have jurisdiction. *Grubs v. Ross,* 291 Or 263, 630 P2d 353 (1981); *Fenn and Fenn, supra.*

The Commissioner's Note to Section 14 of the UCCJA (ORS 109.840) states:

"* * * In order to achieve greater stability of custody arrangements and avoid forum shopping, subsection (a) [of section 14] declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy section 3 [ORS 109.730]. The fact that the court had previously considered the case may be one factor favoring its continued jurisdiction. * * *" Uniform Laws Annotated at 154 (Master ed 1979).

The Oregon trial court did not err in dismissing mother's motion to modify the California joint custody decree.

Affirmed. Costs to respondent.