0561

Elaine E. SINCLAIR, individually and as Guardian ad Litem for Lynne A. Albrecht, Respondent, v. Leland J. ALBRECHT, Kristina Neblett and Kevin Neblett, minors over the age of 14 years, and Kelly Albrecht, a minor under the age of 14 years, and James S. Neblett, of whom Leland J. Albrecht is, Appellant.

(336 S. E. (2d) 485)

Court of Appeals

*Thomas Bryant, III*, of *Bryant, Fanning & Yarborough*, Orangeburg, *for appellant.*

*Karen J. Williams*, of *Williams & Williams*, Orangeburg, *for respondent.*

Heard June 20, 1985.

Decided Oct. 21, 1985.

BELL, Judge:

This case involves the Uniform Child Custody Jurisdiction Act (UCCJA) adopted in South Carolina in 1981. The issue on appeal is whether a South Carolina family court has jurisdiction to modify a child custody decree of a New Hampshire court. The family court judge found that New Hampshire no longer had jurisdiction and modified custody. We affirm.

Lynne and Leland Albrecht were married in Ohio on August 21, 1970. One child, Kelly, was born of this marriage. Lynne also has custody of her two children from a previous marriage to James S. Neblett. Lynne and Leland separated in November, 1981, while living in New Hampshire. In December 1981, Lynne and Kelly moved to Orangeburg, South Carolina. Leland moved from New Hampshire to Houston, Texas. A divorce action was subsequently commenced in New Hampshire. On March 1, 1982, an initial divorce decree was approved. This decree included permanent stipulations, dated January 28, 1982, which gave Lynne and Leland joint custody. Lynne received physical placement of the children while Leland received visitation rights. The divorce became final on January 4, 1983.

On the same date the New Hampshire divorce became final, a custody action was commenced in South Carolina by Elaine Sinclair, the children's maternal grandmother. Lynne had been hospitalized in Columbia in December, 1982, for a neurological illness with an uncertain prognosis. The children were under Mrs. Sinclair's care during their mother's illness. Leland was in South Carolina visiting the children when Lynne was hospitalized. Mrs. Sinclair commenced this action when Leland declared an intention to return to Texas with the two younger children. Kelly, the child of Leland Albrecht, is the only subject of this appeal.

In response to Mrs. Sinclair's petition, Leland questioned the jurisdiction of a South Carolina court to hear the matter

under the UCCJA. The family court found that New Hampshire no longer had jurisdiction under the Act, since none of the parties to the original custody decree resided in or retained any significant contacts with that state. The court concluded that it had jurisdiction under the UCCJA, since South Carolina was the "home state" of the child and mother, and substantial evidence of the child's present and future care existed here. Section 20-7-788, Code of Laws of South Carolina, 1976. The court awarded temporary custodial placement of Kelly to Mrs. Sinclair. Leland appeals, claiming the family court lacked jurisdiction to enter the decree.

The UCCJA, now adopted in every state, seeks to avoid relitigation of custody decisions while promoting interstate cooperation so that a decree is rendered in the state which can best decide the case in the interest of the child. Section 20-7-784, Code of Laws of South Carolina, 1976.

Jurisdiction to modify a custody decree is governed by Section 20-7-810. According to that provision:

> If a court of another state has made a custody decree, a court of this state shall not modify that decree unless 1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this subarticle or has declined to assume jurisdiction to modify the decree and 2) the court of this state has jurisdiction.

New Hampshire has not declined jurisdiction in this matter, and was not notified of the South Carolina action. The threshold question, therefore, is whether New Hampshire had jurisdiction under the Act at the time this petition was filed. If so, South Carolina could not assume jurisdiction. *See, e.g., Pierce v. Pierce*, 287 N.W. (2d) 879 (Iowa 1980). If New Hampshire no longer had jurisdiction under the UCCJA, the question becomes whether South Carolina properly met the jurisdictional prerequisites.

New Hampshire and South Carolina have adopted the identical jurisdictional statute of the UCCJA. Section 458A:3, N.H.Rev.Stat.Ann. (1983); Section 20-7-788, Code of Laws of South Carolina, 1976. Under this section, a state has

jurisdiction to determine custody if it is the home state of the child when the action commences or had been the home state within the last six months. Jurisdiction may also exist if it would meet the child's best interest because "the child and his parents, or the child and at least one contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships." Alternatively, jurisdiction exists if it appears that no other state would have jurisdiction under prerequisites substantially in accordance with the Act.

Although more than one state may meet these jurisdictional requirements, once a custody decree has been entered, the continuing jurisdiction of the decree state is exclusive. Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA*, 14 Fam. L.Q. 203, 213 (1981). *See also Fry v. Ball*, 190 Colo. 128, 544 P. (2d) 402 (1975); *Marcrum v. Marion County Superior Court*, 273 Ind. 222, 403 N.E. (2d) 806 (1980); *Pierce v. Pierce, supra; In the Matter of the Marriage of Cotter and Woods*, 64 Or.App. 173, 666 P. (2d) 1382 (1983). If the decree state's jurisdiction continues, a person seeking to modify the decree must petition the decree state for modification. Continuing jurisdiction is not affected merely by the fact that another state has become the child's "home state." *Kumar v. Superior Court of Santa Clara County*, 32 Cal. (3d) 689, 186 Cal.Rptr. 772, 652 P. (2d) 1003 (1982). If one parent continues to reside in the decree state, and substantial evidence remains there, its jurisdiction may continue. *Matter of Custody of Ross*, 291 Or. 263, 630 P. (2d) 353 (1981). If connection with the decree state ends, however, another state may assume jurisdiction to modify the decree. *See Slidell v. Valentine*, 298 N.W. (2d) 599 (Iowa 1980).

Connection with the decree state ends if all the parties involved have moved away or contact with the decree state has otherwise become slight. UNIFORM CHILD CUSTODY JURISDICTION ACT, Section 14, 9 U. L. A., Commissioner's Note at 154 (1979); *McCarron v. District Court In & For Jefferson County*, 671 P. (2d) 953 (Colo. 1983); *Roberts v. District Court of Larimer County*, 198 Colo. 79, 596 P. (2d) 65 (1979). Even if the state has continuing jurisdiction under

local law, it has lost *interstate* jurisdiction. UNIFORM CHILD CUSTODY JURISDICTION ACT, *supra.*

Kelly and her mother left New Hampshire over one year before this action commenced. No evidence of the child's present nor future care remains in New Hampshire. Leland also left the state. The only connection with New Hampshire was the divorce, which was no longer pending at the time of this action. Based on these facts, the court correctly concluded that New Hampshire no longer had jurisdiction under the UCCJA.

South Carolina, on the other hand, had been the child's home state for over one year at the time of this action. Substantial evidence of her present and future care existed here. Therefore, South Carolina met the jurisdictional standards of section 20-7-788. Accordingly, the court properly assumed jurisdiction under the UCCJA.

The judgment is, therefore,

Affirmed.

SHAW and CURETON, JJ., concur.