[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a Motion to Stay and/or Dismiss Proceedings in Connecticut in order to have pending post-judgment visitation issues heard in Vermont.
Many of the facts that give rise to this motion are not in dispute.
The plaintiff and the defendant were married in 1984 in Guilford, Connecticut. There was one child issue of the marriage, Billy Barou Rubendunst, who was born January 2, 1985. The parties were divorced in October, 1986 in the Superior Court CT Page 5192 for the Judicial District of New Haven at New Haven. The Judgment in this matter awarded joint legal custody of the minor child of the parties with physical custody to the plaintiff mother. However, in 1987, by agreement of the parties, custody of the minor child was awarded to the plaintiff mother with reasonable rights of visitation to the defendant father.
The plaintiff and defendant resided in Connecticut all their lives through the date of their marriage. Thereafter, both parties resided in Connecticut subsequent to their divorce. In September, 1990, defendant commenced contempt proceedings relative to problems with custody and visitation between the parties (Document #121). On November 15, 1990, by agreement of the parties, Judge Hodgson referred the outstanding issues regarding visitation and custody to the Family Relations Office (Document #122). A Motion for Contempt was filed by the plaintiff mother dated October 23, 1990 (Document #124) and a Motion for Contempt was filed on or about the same date by the defendant father (Document #123). A Motion for Custody was filed by the defendant father dated October 26, 1990 (Document #125) which is file-stamped in the court file on November 8, 1990. While all of these motions were being filed and the matter of visitation had already been referred to the Family Relations Office, the plaintiff mother moved to Vermont with the minor child in early November, 1990. The plaintiff mother testified that a letter was sent in early November, 1990 to the defendant father relative to her decision to move to Vermont with the minor child.
On November 19, 1990, the parties entered into a Temporary Visitation Agreement which was approved by Judge Gordon on said date. A transcript of the hearing of November 19, 1990 is a part of the court file in this matter. At the time of the hearing, Judge Gordon indicated that the parties had agreed that this matter was referred to the Family Relations Office for mediation and, if necessary, a visitation study. As indicated above, the matter had already been referred to the Family Relations Office by Judge Hodgson on October 15, 1990 (Document #122).
Subsequent to November, 1990, numerous motions were filed by the parties relating to visitation and custody problems. The custody motion filed by the defendant father (Document #125) has never been acted upon by the court. A Motion for Modification of Child Support and Visitation, dated December 11, 1990, was filed by the plaintiff mother (Documents #128 and #129). Counsel was CT Page 5193 appointed for the minor child in this matter who was Attorney Lee Marlow. A Motion for Visitation was filed by plaintiff mother dated May 31, 1991 (Document #133). A Motion to Set Visitation was filed by defendant father dated June 7, 1991 (Document #134). On June 25, 1991, the parties appeared with counsel at court and recited a stipulation agreeing to a visitation arrangement acceptable to all parties. Judge Gordon approved the stipulation on June 25, 1991 and, pursuant to Judge Gordon's order, a copy of the transcript of these proceedings has been filed in the court file. Judge Freedman issued an order relative to telephone contact between defendant father and Bill on July 22, 1991 (Document #139).
By motion dated May 26, 1992, defendant father requested that the plaintiff be held in contempt or refusing to make the minor child available to the defendant for the Memorial Day weekend (Document #148). The purpose of the contempt motion was to request that the court interpret the Visitation Order dated June 25, 1991. Subsequent to the filing of the motion concerning the Memorial Day weekend, the plaintiff mother has filed a Motion for Stay (Document #150) which was objected to on behalf of the defendant father (Document #151). Further, the plaintiff mother has filed a Motion to Decline Jurisdiction (Document #153). Concurrent with the filing of the Motion to Decline Jurisdiction, the plaintiff mother has filed a Motion to Modify Foreign Order and Motion to Assume Jurisdiction in the Vermont Family Court. On January 13, 1993, Judge Alden Bryan declined to assume jurisdiction in the Vermont court and granted defendant father's Motion to Dismiss the Vermont proceedings. The issue before this court is a determination of the Motion to Decline Jurisdiction (Document #153) which has been filed in the Connecticut Superior Court for the Judicial District of New Haven by the plaintiff mother. Defendant father filed an Objection to said motion (Document #155).
The parties have filed the following Stipulation of Facts:
 1. The plaintiff and defendant were intermarried on August 25, 1984, at Guilford, Connecticut.
 2. The plaintiff and defendant have one minor child to wit: Billy Barou Rubendunst, born January 2, 1985, issue of this marriage.
3. The plaintiff and defendant were divorced October CT Page 5194 16, 1986 in the Superior court, Judicial District of New Haven at New Haven.
 4. On October 16, 1986, this court awarded joint legal custody of the minor child to the parties, with physical custody to the plaintiff.
 5. On March 3, 1987, by agreement, the plaintiff and defendant entered into a stipulation regarding visitation with respect to the minor child.
 6. On or about October 30, 1987, the plaintiff and the defendant approved a recommendation presented to them from Judith C. Broadbent, Family Relations Counselor of the Superior Court, Judicial District of New Haven at New Haven.
 7. Said recommendation, aforesaid included, inter alia, the custody of the minor child would be with the plaintiff, and with reasonable rights of visitation to the defendant.
 8. On or about November 1, 1990, the plaintiff relocated to Vermont with the minor child, and contemporaneously was married to her present husband.
 9. On or about January 16, 1991, this court appointed counsel to represent the interests of the minor child, with respect to pending family study mediations and/or studies.
 10. On or about June 8, 1992, and September 5, 1992, the plaintiff filed in this court a Motion for Stay of Proceedings, and filed a Motion to Assume Jurisdiction in the Superior Court in Vermont, Chittenden County, State of Vermont.
 11. On October 19, 1992, this court denied plaintiff's Motion for Stay, considering the matter "moot".
 12. On January 13, 1993, the Superior Court of Vermont, Chitten County, denied the plaintiff's Motion to Assume Jurisdiction, deferring to this State to decide this issue of continuing jurisdiction.
CT Page 5195
The issues before the court involve the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), Conn. General Statutes 46b-90-114 (1991), and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. 1738A (1989).
I. THE UCCJA
The leading case in Connecticut regarding the UCCJA is Kioukis v. Kioukis, 185 Conn. 249 (1981). Kioukis holds that the general rule is that petitions to modify a custody or visitation award shall generally be addressed to the state where the initial custody and visitation award was entered. The Kioukis court at pages 252 through 259 stated in part as follows:
 A "custody determination" under the UCCJA includes court orders involving visitation rights, but does not include decisions related to child support. General Statutes 46b-92(2). An "initial decree" is "the first custody decree concerning a particular child, including a temporary order of custody granted pendente lite." General Statutes 46b-92(6). A "modification decree" is "a custody decree which modifies or replaces a prior decree whether made by the court which rendered the prior decree or by another court." General Statutes 46b-92(7).
 . . ."In order to achieve greater stability of custody arrangements and avoid forum shopping, subsection (a) declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy section 3 [here, General Statutes 46b-93]. The fact that the court had previously considered the case may be one factor favoring its continued CT Page 5196 jurisdiction. If, however, all the persons involved have moved away or the contact with the state has otherwise become slight, modification jurisdiction would shift elsewhere. . . .
 The first state's exclusive jurisdiction, however, does not continue indefinitely. At some point the child's connections with the first state become too tenuous to satisfy the demands of 46b-93. In the present case, Connecticut does not have jurisdiction under 46b-93(a)(1). Connecticut was not the home state of the child at the commencement of the modification proceeding. "The proceeding" refers to the modification action, and not to the original complaint seeking a dissolution of the marriage of the parties, which was in 1976. To hold that "the proceeding" refers to the original dissolution action would confer perpetual jurisdiction over matters of custody to the courts of the state which granted the dissolution, regardless of whether the parties or child had any further connection with that state. Pierce v. Pierce, 287 N.W.2d 879 (Iowa 1980). . . .
 On remand, if the trial court determines that it has jurisdiction under any Provision of 46b-93, it must then consider the effect of 46b-97. Section 46b-97 declares, in part: "(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more CT Page 5197 appropriate forum." See Moore v. Moore, 546 P.2d 1104 (Or.App. 1976). Section 46b-97(d) stresses interstate judicial communication and cooperation and provides: "Before determining whether decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties." Such communication can be made by the trial court, if it desires, on remand. (emphasis provided)
II. THE PKPA
Under the PKPA 1738A(a), the appropriate authorities of every state shall enforce according to its terms and shall not modify, except as provided in subsection (f) of that section, any child custody determination made consistently with the provisions of this section or by a court of another state. Subsection (f) provides that a court of a state may modify a determination of the custody of the same child made by a court of another state if it has jurisdiction to make such a custody determination and the court of the other state no longer has jurisdiction or has declined to exercise such jurisdiction to modify such determination.
Vermont does have jurisdiction to modify the Connecticut custody determination since the plaintiff and the minor child have resided in Vermont for almost three years. The issue before the court is whether Connecticut still has jurisdiction and if it does have jurisdiction, whether it is appropriate for Connecticut to decline such jurisdiction.
This court has been in contact with the Vermont court at a joint telephone conference between the plaintiff's and the defendant's attorney in Connecticut, together with the plaintiff's and the defendant's attorney in Vermont and Judge Alden Bryan of the Family Court of Vermont, Chittenden County. The Vermont court is prepared to exercise jurisdiction if the Connecticut court declines jurisdiction. CT Page 5198
Kioukis involves a two-part analysis regarding Connecticut jurisdiction. The first step is whether Connecticut has jurisdiction under any provisions of 46b-93. Section 46b-93 confers jurisdiction upon Connecticut courts to make a child custody determination. That section reads in part as follows:
 Sec. 46b-93. Jurisdiction. "(a) The superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state. . .(B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody. . .and a parent. . . continues to live in this state:. . .
When the defendant father filed the Motion for Custody dated October 26, 1990 and file-stamped November 8, 1990, Connecticut had been the child's home state within six months before the commencement of that proceeding. The child is now absent from Connecticut because of his removal by the plaintiff who has custody and the defendant continues to live in the State of Connecticut. Therefore, Connecticut still has jurisdiction to act upon the defendant's Motion for Custody, coded #125. The second step of the Kioukis analysis is to consider the effect of 46b-97. The court makes the following additional findings of fact regarding 46b-97. In February of 1991 the plaintiff and her new husband purchased a four-bedroom cape home in Vermont. The minor child is presently enrolled in the second grade school system in Vermont. The child sees a counselor once a week in Vermont regarding family issues, including visitation and related issues. The child regularly sees a pediatrician and a dentist regularly in Vermont. The child also attends religious services in Vermont. The child has been a member of the Boy Scouts in Vermont since November of 1992. Vermont is currently the child's home state. Vermont has closer connections with the child and the child's family, including the plaintiff. There is substantial evidence concerning the child's present or future care, protection, training and personal relationships that are more readily available in Vermont. The exercise of jurisdiction by Connecticut would contravene one or more of the purposes stated in 46b-91. This court concludes that under the CT Page 5199 circumstances of this case, that a court of Vermont is a more appropriate forum to make any modification decree regarding custody or visitation. This court further concludes that Connecticut is an inconvenient forum. This court, therefore, declines to exercise the jurisdiction that it has to modify the existing custody decree. Accordingly, under the PKPA, Vermont does have jurisdiction since this court has declined to exercise jurisdiction.
The plaintiff's Motion to Stay and/or Dismiss Proceedings in Connecticut is granted.
Sidney Axelrod, Judge