Argued and submitted August 5, affirmed September 28, 1994

In the Matter of the Marriage of

Barbara Ann KOLLER,
*Appellant,*
*and*

Mark Anthony KOLLER,
*Respondent.*

(93-2850; CA A82596)

882 P2d 132

Michele Longo Eder argued the cause and filed the brief for appellant.

Judith N. Selich argued the cause for respondent. With her on the brief was Litchfield & Carstens.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Mother appeals from a judgment dismissing her petition for the court to assume jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), ORS 109.700 to ORS 109.930. We review *de novo*, ORS 19.125(3), and affirm.

Mother and father divorced in 1988 in California. The judgment of dissolution, entered by a California court, awarded them joint custody of their three children, but awarded mother physical custody. Mother and two of the children, Jonathan and Jessica, have lived in Oregon continuously since 1986.[1] Father lives in California and the two children visit him there during holidays and their school vacations, in accordance with visitation provisions of the judgment of dissolution.

On June 28, 1993, mother filed a petition for the court to assume jurisdiction to modify the visitation provisions of the judgment of dissolution. Father moved, pursuant to ORS 109.770(4),[2] for the court to confer with the California court that had entered the judgment regarding which court should exercise jurisdiction. The courts conferred on November 16, 1993, and concluded that the California court would not decline continuing jurisdiction, because there had been extensive custody and visitation litigation between the parties in California and the issue involved visitation occurring in California.[3] The court deferred to the California court's jurisdiction and dismissed mother's petition.

---

[1] The third child, Kellie, is now an adult and is not involved in this proceeding.

Mother's brief asserts that she and the children have lived in Oregon continuously since 1986. Father has not objected to that assertion. However, we note that mother asserts, in the affidavit accompanying her petition for the court to assume jurisdiction, that she moved to Oregon with the children in 1987.

[2] ORS 109.770(4) provides:

"Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties."

[3] The California court noted that there had been 14 previous motions concerning custody and visitation made in that court by the parties. It said that the parties litigated the question of jurisdiction in 1989 or 1990, and the California court retained jurisdiction. In addition, another motion to determine whether the California court retained jurisdiction was pending in that court, and a hearing had been set for November 23, 1993.

Mother assigns as error the court's dismissal of her petition. She argues that the court erred in concluding that the California court had continuing jurisdiction. She asserts that the purpose of the UCCJA is to make child custody determinations in the state where there is optimum access to evidence. *See Grubs v. Ross*, 291 Or 263, 630 P2d 353 (1981). She argues that, because "[v]irtually all of the evidence regarding the care and protection of the children exists in the state of Oregon," the Oregon court, not the California court, should assume jurisdiction. She also argues that "[i]t was incorrect for either court to attempt to separate, as different actions, jurisdiction based on whether the underlying motion related to custody or visitation," because a court decision or order concerning visitation rights is a custody determination under ORS 109.710(2).

■ It is undisputed that the Oregon court has jurisdiction to modify visitation, because it is the "home state" of the children. *See* ORS 109.730(1)(a); ORS 109.710(5). However, ORS 109.840 limits an Oregon court's authority to modify a custody or visitation decision of a court of another state. *Grubs v. Ross, supra*, 291 Or at 271. ORS 109.840 provides, in part:

> "(1) If a court of another state has made a custody decree, *a court of this state shall not modify that decree unless* it appears to the court of this state that *the court which rendered the decree does not now have jurisdiction* under jurisdictional prerequisites substantially in accordance with ORS 109.700 to 109.930 [the UCCJA] *or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction*." (Emphasis supplied.)

Accordingly, an Oregon court may modify a custody decree entered by a court of another state only if that court no longer has jurisdiction under jurisdictional requirements like those contained in the UCCJA, or declines to exercise jurisdiction and the Oregon court has jurisdiction. The statute evinces a preference for deciding modification petitions in the court that established the conditions to be modified. That preference promotes the statutory purposes expressed in ORS 109.720, including avoiding jurisdictional competition and relitigation of custody decisions.

■    The question here is whether the California court continued to have jurisdiction under the UCCJA. We disagree with mother's assertion that virtually all the evidence regarding care and protection of the children exists in Oregon. That father lives in California and the children's visitation regularly occurs there indicates that there is substantial evidence regarding the children's care and protection during visitation in California. The repeated litigation about custody and visitation in California has familiarized the California court with the parties and the issues and has created a court record that provides additional evidence. We conclude that there is a significant connection with California and, consequently, that the court was correct that the California court continues to have jurisdiction under the UCCJA. *See* ORS 109.730-(1)(b); *former* Cal Civ Code § 5152(1)(b) (West 1993).

It is undisputed that the California court has not declined to assume jurisdiction. Because the California court has jurisdiction and has not declined that jurisdiction, the Oregon court properly deferred to the California court. ORS 109.840.

We also disagree with mother's contention that the court considered visitation jurisdiction and custody jurisdiction as separate actions. The record of the discussion between the Oregon and California courts indicates that visitation was considered separately from custody only to the extent that evidence relating to those issues is located in different places. The California court indicated that if mother had moved to modify custody, it would have declined continuing jurisdiction, because the evidence concerning custody would be in Oregon, the place of custody.[4] A decision concerning visitation rights is a custody determination that is to be made where there is optimum access to evidence. ORS 109.710(2).

---

[4] The California court said:

"I do not want to defer now.

"I would say that if this got into a basic custody dispute where it looked like the witnesses surrounding it — because the children have been in Oregon now for quite a while — were — mostly there, then that would be a different situation."

The Oregon court agreed, and then the California court said:

"We would defer [if there was a basic custody dispute] because * * * that issue might well be better litigated in Oregon than here."

*Grubbs v. Ross, supra; see also* ORS 109.770. California is the place offering optimum access to evidence concerning visitation. The court did not err in dismissing mother's petition.

Mother's request for an award of attorney fees is denied.

Affirmed; costs to husband.