In the Matter of the Relationship of

Douglas HENRY,
*Appellant,*

*and*

Sharon KEPPEL,
nka Sharon Keppel Allen,
*Respondent.*

(93-DR-1084; CA A89111)

922 P2d 712

Steven M. Richkind argued the cause and filed the briefs for appellant.

Clayton C. Patrick argued the cause for respondent. With him on the brief was Patrick and Meadowbrook.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Father appeals from a judgment modifying a California child custody decree. We review *de novo*, ORS 19.125(3), and affirm.

Mother and father, who never married, began living together in California in the spring of 1983. Their daughter was born in July 1984. After the parties separated in July 1985, mother moved with the child to Oregon, where they have resided ever since. In December 1985, father began a proceeding in California to establish paternity and joint custody. Mother sought sole custody. In October 1987, the California court ordered joint legal custody, with physical custody awarded to mother. Father was granted visitation, including all but three weeks of summer vacation, spring break, and half of the Christmas holidays. Father exercises those visitation rights in California and, two to four times a year, he spends four days with his daughter, either in California or in Oregon.

In June 1988, father filed an action in Jackson County to enforce the California order against mother. Mother was never served. Five years later, mother moved to change the venue of father's enforcement action to Josephine County. Over father's objection, her motion was granted. In March 1994, mother obtained an order to show cause in Josephine County, seeking sole custody and limiting father's visitation. Father moved to dismiss the modification proceeding for lack of jurisdiction. The court denied father's motion,[1] as well as his later motion for reconsideration. The court modified the California decree to award mother sole legal custody and to modify father's visitation.

Father first assigns error to the denial of his motion to dismiss the modification proceeding. He argues that the court erred because, as a matter of law, under the Uniform Child Custody Jurisdiction Act (UCCJA), ORS 109.700 to 109.930,[2] California has exclusive continuing jurisdiction over this matter.

---

[1] Father petitioned the Oregon Supreme Court for an alternative writ of mandamus to order the Josephine County Court to dismiss the action. The Supreme Court denied the petition.

[2] Father also argues that the jurisdictional requirements of the Parental Kidnapping Prevention Act (PKPA), 28 USC § 1738A, are substantially similar to the

■ We must first address mother's contention that, by opposing her motion to change venue, father "waived" his jurisdictional objections to her motion to modify. We do not agree. The procedural posture of this case is convoluted. The UCCJA provides for the enforcement of a decree of another state, ORS 109.830, and father registered the California decree and sought to enforce its terms in Oregon in 1988. Although it does not appear that mother was ever served, in 1993 mother moved to change the venue of father's action. Father objected, asserting in his affidavit that California continued to have jurisdiction of the matter. Venue was changed in November 1993, and mother then moved to change custody. Father continued to object on jurisdictional grounds and never entered an appearance to mother's request for change of custody.[3] The judgment states that father was before the court "specially appearing for the sole purpose of objecting to the Court's jurisdiction." Father did not waive his objection to jurisdiction.

■■ Father first contends that the authors of the UCCJA intended jurisdiction of the decree state to continue as long as at least one party remained in the state and as long as the connection of the child with the state was more than "slight."[4] To carry out that intention, he urges us to adopt a "bright line" rule, as the California court did in *Kumar v. Superior Court of Santa Clara Cty.*, 32 Cal 3d 689, 186 Cal Rptr 772 (1982) (decree state retains jurisdiction so long as one parent

UCCJA's and also require jurisdiction to remain in California. As father makes no separate argument regarding the PKPA, we do not consider it.

[3] The parties apparently have assumed that an appearance by father would have waived objections. We do not address or decide whether that assumption is correct.

[4] Father cites the Commissioner's Comment to § 14 Uniform Laws Annotated, Vol 9, part I, at 292 (1979):

"In order to achieve greater stability of custody arrangements and avoid forum shopping, [ORS 109.840(1)] declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy § 3. * * * If, however, all the persons involved have moved away or the contact with the state has otherwise become slight, modification jurisdiction would shift elsewhere."

Father omits from the cited matter: "The fact that the court had previously considered the case may be one factor favoring its continued jurisdiction."

resides there and continues to assert and exercise his custody/visitation rights), and *Peery v. Superior Court*, 174 Cal App 3d 1085, 219 Cal Rptr 882 (1985) (only when child and both parents have left decree state is deference to jurisdiction of original court no longer appropriate).

The Oregon Supreme Court, however, has not adopted such a bright line in determining when a forum state must decline jurisdiction. In *Grubs v. Ross*, 291 Or 263, 273, 630 P2d 353 (1981), the Supreme Court discussed the relevant provisions, ORS 109.840 and ORS 109.730, for determining whether the forum state may modify a foreign custody decree. The analysis begins with ORS 109.840(1), which provides:

> "If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with [the UCCJA] or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."[5]

Under that provision, before assuming jurisdiction the Oregon court must apply the jurisdictional provisions of the UCCJA, codified at ORS 109.730, to the circumstances in the decree state.

ORS 109.730 provides four independent bases for jurisdiction. *Stubbs v. Weathersby*, 320 Or 620, 624, 892 P2d 991 (1995); *see also Neville and Carroll*, 323 Or 648, 653, 919 P2d 488 (1996) (Fadeley, J, concurring in dismissal of review). The bases are not limited, as father contends, to whether a parent remains in the decree state and continues to exercise rights of visitation. Rather, they reflect the policy of the UCCJA to "[a]ssure that litigation concerning the custody of a child takes place ordinarily in the state * * * where significant evidence concerning care, protection, training, and personal relationships of the child is most readily available[.]" ORS 109.720(1)(c); *see also Grubbs*, 291 Or at 270

---

[5] There is no contention that California has declined to exercise jurisdiction.

(pervasive purpose of the UCCJA is to provide that child custody determinations will be made in the state where there is optimum access to evidence).

The parties here rely on ORS 109.730(1)(b) to establish jurisdiction.[6] That statute provides that a court has jurisdiction if

"[i]t is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]"

The trial court applied ORS 109.730(1)(b) and found that the "significant connection" prong was met because of the extended periods of visitation in California between child and father. However, the court found that the "substantial evidence" prong was not satisfied:

"In this case, the child has resided in Oregon for at least eight years and since she has just recently turned ten years of age, I find it reasonable to assume that the overwhelming bulk of evidence concerning her present or future care, protection, training and personal relationships no doubt exist here in Oregon. That's not to say that there is not evidence concerning these matters in California, but rather, I seriously doubt that there is 'substantial evidence' concerning these matters existing in the State of California."

Father argues that the court erred in balancing the relative weight of the evidence in Oregon and California. He contends that, for purposes of modification, only the evidence available in the decree state is relevant. Father is correct that, under ORS 109.840(1), the "substantial evidence" for determining jurisdiction in a modification is the evidence available in the decree state. However, whether that evidence meets the jurisdictional prerequisites must be determined in the light of the modification that is sought. Mother sought modification of custody, as well as visitation. The evidence to which father points supports California's continuing

---

[6] Neither party argued that Oregon should assume jurisdiction because it is the home state of child. ORS 109.730(1)(a).

jurisdiction over visitation, but it does not necessarily demonstrate that California still meets the jurisdictional prerequisites for custody determinations.

Father contends, however, that distinguishing between custody and visitation "makes no sense," because, in the first instance, a decision regarding visitation is a custody determination for purposes of the UCCJA. ORS 109.710(2) defines "[c]ustody determination" to include "visitation rights." However, that is the definitional mechanism extending the provisions of the UCCJA to visitation issues; it does not make custody issues identical to visitation. Father's argument assumes that jurisdictional prerequisites for visitation do not differ from those for custody. However, under ORS 109.730(1)(b), a court is authorized to assume jurisdiction if certain conditions are met and it is in the "best interest" of the child for the court to do so. Determining the best interest of the child requires considering why the court is assuming jurisdiction, and evidence relevant to visitation is not necessarily the same as evidence relevant to custody. *See Stubbs*, 320 Or at 624 (each basis of jurisdiction under the UCCJA depends on the factual circumstances surrounding the child custody proceeding as of the date that the proceeding was commenced).

Father argues, however, that our decisions in *Koller and Koller*, 130 Or App 364, 882 P2d 132 (1994), and *Cotter v. Woods*, 64 Or App 173, 666 P2d 1382 (1983), are on point and controlling and that they show that California has jurisdiction here. In *Koller*, the mother appealed from the trial court's refusal to exercise jurisdiction under the UCCJA when she sought modification of the visitation provisions of a California judgment. The judgment gave the father extensive visitation rights with the parties' children, which he had exercised in California for six years.[7] We held that the Oregon court did not err in declining jurisdiction because California offered "optimum access to evidence concerning visitation." *Id.* at 369.

---

[7] The California court had refused to defer to the jurisdiction of the Oregon court on the visitation issue, but noted that it would have, if the matter had involved " 'a basic custody dispute' " instead of visitation. *Koller* at 368 n 4.

Father is correct that here, as in *Koller*, he had extensive visitation rights that he exercised in California over an extended period. However, in *Koller*, there was no issue regarding custody as there is here. There was a custody issue in *Cotter*, on which father also relies, but we do not conclude that *Cotter* shows that California retains jurisdiction.

In *Cotter*, the mother sought to modify the joint custody provision of a California judgment. We rejected her contention that California no longer had jurisdiction because there was no substantial evidence about the child's present and future care in California. In making that determination, we considered that California was where the child, mother and father had lived as a family; that the father, stepmother and grandparents resided in California; that there was evidence from friends of the family in California regarding parental attitudes toward the child; and that there was evidence of medical care in California and a record of the court proceedings there. 64 Or App at 177.

There are analogous facts here. The parties lived as a family only in California; the child has a relationship with her paternal grandmother in California and there are maternal relatives there; there are medical records in California and there is the record of the earlier court proceedings. However, in *Cotter*, the child had resided in Oregon about 18 months; here, child has lived in Oregon more than eight years. Furthermore, in *Cotter*, the mother's Oregon motion to change custody was filed about six months after the California award of custody was made. Here, mother's motion was filed more than five years after the California award.

■ *Cotter* demonstrates that the length of time that Oregon has been the home state of a child is important, but it is not the sole determinative jurisdictional factor when modification of custody is an issue. The focus is on the evidence readily available to the issue before the court.[8] Here, the evidence that father argues is available in California does,

---

[8] Although there is no gainsaying that, with the passage of time, that evidence generally becomes more tenuous in the foreign state, it is not difficult to postulate circumstances where that would not be the case, as, for example, where a child has spent extended periods of time with the noncustodial parent for reasons other than the exercise of visitation.

indeed, provide optimum evidence as to visitation. However, father does not point to evidence in California that shows the day-to-day care, personal relationships and training necessary in the determination of custody. The trial court did not err in denying father's motion to dismiss for lack of jurisdiction.

■　　　Father also assigns error to the denial of his motion to reconsider on the ground that mother made judicial admissions that there was "substantial evidence" in California concerning child's present or future care. In a memorandum in opposition to taking telephonic testimony, mother's counsel argued that "[t]he testimony of the three [California] psychologists is of critical importance because they have had extensive contact with the child and their testimony will be relevant to the outcome of this case," thereby necessitating "in person evaluation." Although that argument concedes the probative value of the testimony, we do not agree that it also concedes that that evidence alone is sufficient to fulfill the "substantial evidence" prerequisite of ORS 109.730(1)(b). The trial court did not err in denying the motion to reconsider.

■　　　Father's final assignment is that, when the Oregon court assumed jurisdiction, it erred in failing to obtain the California court's records. ORS 109.920 provides:

> "If a custody decree has been rendered in another state concerning a child involved in a custody proceeding pending in a court of this state, the court of this state upon taking jurisdiction of the case shall request of the court of the other state a certified copy of the transcript of any court record and other documents mentioned in ORS 109.910."

The trial court did not comply with that provision. Mother argues that the court's error was harmless. Father contends that the harm that results from failure to consult the decree state's records is "in radically modifying a state's custody and visitation order without considering the original circumstances and studies prompting the decree[.]"

We do not reach the merits of father's assignment of error. As noted above, father specifically restricted his appearance before the court solely to challenge jurisdiction. Jurisdiction under the UCCJA is determined under ORS

109.840(1) and ORS 109.730. Neither the text nor context of ORS 109.920 makes the foreign court documents necessary to assuming jurisdiction, and ORS 109.840(2) shows that the documents are for the court's use after it has assumed jurisdiction:

> "If a court of this state is authorized under subsection (1) of this section and ORS 109.780 to modify a custody decree of another state it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with ORS 109.920."[9]

Father's assignment of error goes to the merits of the court's determination of custody after it had assumed jurisdiction, a matter not before us under the circumstances of this proceeding.

Affirmed.

---

[9] Although ORS 109.920 is phrased in the mandatory "shall," it is not clear what use the court must make of those records. Under ORS 109.840(2), the court "shall give due consideration" to the records. The Commissioners comment to that section states:

> "How much consideration is 'due' this transcript, whether or under what conditions it is received in evidence, are matters of local, internal law which are not affected by this interstate act." Uniform Laws Annotated, vol 90, part I, at 293 (1979).