**S.R., A Minor, by M.J.R., Her Mother, Natural Guardian and Next Friend, Plaintiff-Appellant,**

v.

**M.R., Defendant-Appellee.**

**No. 85–1177.**

Court of Appeals of Iowa.

Dec. 23, 1986.

Emil Trott, Jr., of Barrett & Trott, Des Moines, for plaintiff-appellant.

Richard J. Barry of Greer, Nelson, Montgomery, Barry & Bovee, Spencer, for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

PER CURIAM.

On March 7, 1983, the parties were divorced in Peoria County, Illinois. ·The sole custody of the minor child, Sarah, was placed in appellant-mother's control.

Appellee-father, on January 2, 1985, in Peoria County filed a petition to modify the decree to provide custody of the minor child be transferred to him. Hearings regarding this modification were held on February 7 and 19, and May 7, 1985. At the two initial proceedings appellant appeared with counsel and actively participated in the custody hearings. The appellant, however, failed to personally appear at the final proceeding; only her counsel was present.

Prior to the final hearing, appellant had returned to Clay County, Iowa, and on April 25, 1985, she filed a "Petition for Declaratory Judgment." In this pleading appellant alleged she and Sarah had been residents of the State of Iowa for more than six months (no specific dates were given) and the modification of the Peoria County divorce decree should have been brought in Iowa, the alleged "home state" of the child. Along with this petition appel-

lant obtained a written order from the Iowa district court directing the Clay County Clerk of Court to notify the court in Peoria, Illinois, the Iowa court was considering the matter of Sarah's custody. This order was duly considered by the Peoria County court in its decree.

The court in Peoria County, Illinois, rendered its decision on June 3, 1985, transferring Sarah's custody to appellee. This order was filed in Clay County on June 6, 1985. At the time of this ruling the petition for declaratory judgment was still pending. Appellee, on June 12, 1985, filed a Special Appearance, asserting the Clay County District Court had no jurisdiction because of the Peoria County ruling. In response to this appearance, appellant, on July 1, 1985, filed an application to stay the Peoria County custody determination.

The Clay County District Court entered its order on July 12, 1985; no hearing was held. The court sustained appellee's special appearance, denied appellant's petition for declaratory judgment, declined to exercise jurisdiction over the custody question, and held the Illinois decree granting appellee custody of Sarah should be recognized and enforced in Iowa. The Iowa district court relied on Iowa Code section 598A.6 (1985), from the Uniform Child Custody Jurisdiction Act.

Appellant has appealed from the Iowa district court's ruling. She asserts that Iowa, rather than Illinois, was and is the proper state to consider the question of Sarah's custody under the Uniform Child Custody Jurisdiction Act.

■ When considering a question of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act, whether raised by special appearance or another procedural devise, we use de novo review. *In re Marriage of Hubbard,* 315 N.W.2d 75, 77 (Iowa 1982); *In re Marriage of Olive,* 340 N.W.2d 792, 794 (Iowa Ct. App.1983). However, in other respects the rules regarding special appearances apply. In an appeal from a special appearance the allegations of the petition are accepted as true and plaintiff has the burden to sustain the requisite jurisdiction, once a prima facie case is established, defendant has the burden to produce evidence to rebut or overcome it. *Larsen v. Scholl,* 296 N.W.2d 785, 787 (Iowa 1980). Furthermore, regarding the burden of proof, foreign decrees are presumed to be valid, the party contesting such decrees have the burden to prove the absence of jurisdiction. *Slidell v. Valentine,* 298 N.W.2d 599, 602 (Iowa 1980).

This case represents the classic example of the type of emotional and jurisdictional conflict the Uniform Child Custody Jurisdiction Act was created to prevent. Both parties agree that Iowa Code section 598A.6 is the appropriate authority in this situation. This section provides:

A court of this state shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

Section 598A.6 was created to address the problem of two states having overlapping jurisdiction at the *initial* jurisdictional stage. Here the initial decree was issued in Peoria County, Illinois; the appellee sought and received modification of the original decree, while appellant attempted to prevent the implementation of it. Also, the Clay County District Court did not rule on the question of jurisdiction until July of 1985, after the Illinois court had rendered the modification of its earlier decree. Under facts such as we have presented in this case, we consider section 598A.14 of the Iowa Code (1985) the more appropriate code section to consider. Section 598A.14 provides in pertinent part:

If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional pre-

requisites substantially in accordance with this chapter, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.

 Under section 598A.14 two requirements must be met before an Iowa court can modify a foreign custody decree: (1) the court that rendered the decree cannot now have jurisdiction under jurisdictional prerequisites substantially in accordance with chapter 598A or the court that rendered the decree has declined to assume jurisdiction to modify the decree; and (2) the district court of Iowa must have jurisdiction. *Pierce v. Pierce*, 287 N.W.2d 879, 882 (Iowa 1980). There is a built-in bias in favor of the decretal state reflected in section 598A.14. *In re Marriage of Hubbard*, 315 N.W.2d 75, 80 (Iowa 1982). The court that renders a custody decree normally retains continuing jurisdiction to modify the decree under local law. *Pierce*, 287 N.W.2d at 882. "In order to achieve greater stability of custody arrangements and avoid forum shopping, the Iowa court, under the provisions of section 598A.14, will defer to the continuing jurisdiction of another state as long as that state has jurisdiction under the standards of Chapter 598A." *Id.* at 882–83. All petitions for modification of a custody decree should be filed in the state in which the original decree was issued if that state has sufficient contact with the matter to substantially satisfy section 598A.3. *Id.* at 883.

Section 598A.3 provides in pertinent part:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a custody determination by initial or modification decree if:

a. This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

b. It is in the best interest of the child that a court of this state assume jurisdiction because the child and the child's parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

\* \* \* \* \* \*

2. Except under paragraphs "c" and "d" of subsection 1, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.

Paragraphs (a) and (b) of subsection (1) provide the two major bases for jurisdiction: (1) the child's home state has jurisdiction and (2) if there is no home state or the child and his family have equal or stronger ties with another state, a court in that state has jurisdiction. Uniform Child Custody Jurisdiction Act § 3 (commissioner's note), 9 ULA 123 (1979).

 The Peoria County, Illinois, court did not refuse to assume jurisdiction over the modification proceeding, we therefore consider the criteria enumerated in chapter 598A. One of the standards provided for in section 598A.3 is "home state," which is defined in section 598A.2(5) as:

[T]he state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

Appellant contends that Sarah's "home state" is Iowa; this assertion is based upon the petition for declaratory judgment, filed

on April 4, 1985, stating that plaintiffs had been residents of Iowa for more than six months. The time from which to consider the six-month period is from the filing of the petition for modification. *See Slidell v. Valentine*, 298 N.W.2d 599, 603 (Iowa 1980). Here appellee-father filed his petition for modification on January 2, 1985. To establish "home state" under 598A.3 appellant had the burden to show residence six months prior to the commencement. The burden of proof is codified in section 598A.9, which provides every party shall produce information under oath as to "the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period." Iowa Code § 598A.9 (1985). Both parties failed to comply with this provision, but as set forth earlier, appellant has the burden of proof regarding jurisdiction. Nevertheless, we find the Illinois court had jurisdiction under Illinois Annotated Statute chapter 40 paragraph 2104, section (a)(2) (provision identical to section 598A.3(1)(b)) in that the best interests of the child were served by Illinois retaining jurisdiction because father-appellee still resided there and the state had substantial evidence regarding the child's present or future care, protection, training, and personal relationship.

Appellant asserts the Illinois decree should not be considered because it was not in substantial conformity with the Uniform Child Custody Jurisdiction Act. The Peoria County, Illinois, court based its jurisdictional decision upon Illinois Annotated Statute chapter 40 paragraphs 2104 (a)(1)(ii), (a)(2)(i), (a)(2)(ii), (b), (d), 2105 and 2113 (1983). These provisions are identical to the U.C.C.J.A. except for section 4(b), which provides: "A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois."

This section may have taken Illinois out of conformity with other U.C.C.J.A. states. *See* Schiller, *Uniform Child Custody Jur-*isdiction in Light of Siegel and New Legislation, 65 Chi.B.Rec. 72, 79 (1983). We find, however, as stated earlier, Illinois was correct in assuming jurisdiction pursuant to Iowa Code section 598A.3(1)(b) (Illinois section 4(a)(2)). Therefore, we need not consider whether Illinois section 4(b) is in substantial conformity with the Illinois law, since section 4(b) was not the sole basis of jurisdiction. One of the major purposes of the act is to:

> ... assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state....

Uniform Act § 1(a)(3), 9 U.L.A. 117 (1979). By allowing jurisdiction to remain in Illinois, this purpose was fulfilled. Furthermore, the two courts in this case also accomplished good cooperation, another goal of the U.C.C.J.A. The Illinois court in deciding the modification specifically considered the question of Iowa's jurisdiction and the Clay County, Iowa, court paid deference to that court's consideration. The Iowa court, in its decision, properly considered the U.C.C.J.A.'s goal of avoiding "the havoc wreaked by simultaneous and competitive jurisdiction." Uniform Child Custody Jurisdiction Act § 6 (commissioner's note), 9 U.S.A. 134 (1979).

Finally, we review several of the general purposes of chapter 598A:

> (1) to avoid jurisdictional competition and conflict with courts of other states in matters of child custody; (2) to assure that litigation concerning custody takes place in the state that the child and family have the closest connection and where significant evidence of the child's care, protection, training and personal relationships is most readily available; (3) to discourage continuing controversies over child custody; (4) to avoid relitigation of

custody decisions of other states insofar as feasible; (5) to facilitate the enforcement of custody decrees of other states; and (6) to promote and expand the exchange of information between states concerned with the same child.

*Pierce,* 287 N.W.2d at 884 (emphasis omitted). The Act has not abrogated the preference for continuing jurisdiction in the state of the original decree, *see* Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the U.C.C.J.A.,* 14 Family L.Q. 203 (1981), section 598A.3(1)(b) is not met by a mere showing that the state rendered the original decree. Rather, the preference for continuing jurisdiction exists only when the prerequisites of 598A.3 are met. *Id.* at 883; *see also Herrero v. Matas,* 447 So.2d 335, 337 (Fla.Ct.App.1984). Upon considering the purpose of the U.C.C.J.A. and the criteria set forth in 598A.3, we conclude the district court was correct in sustaining appellee's special appearance and denying appellant's motion to stay.

AFFIRMED.