IN THE COURT OF APPEALS OF IOWA

No. 15-1226
Filed September 23, 2015

**IN THE INTEREST OF K.S.,**
        **Minor Child,**

**A.B., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Ida County, Mary L. Timko, District Associate Judge.


A mother appeals the juvenile court's subject matter jurisdiction determination in a termination of parental rights proceeding. **AFFIRMED.**


Lisa K. Mazurek of Mazurek Law Firm P.C., Cherokee, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Meghann Cosgrove Whitmer, County Attorney, for appellee.

Lesley D. Rynell, Public Defender, Sioux City, attorney and guardian ad litem for minor child.


Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the termination of her parental rights claiming the juvenile court lacked subject matter jurisdiction to issue any orders concerning K.S. as North Dakota was the child's home state. Upon our de novo review, we find the juvenile court properly found it had jurisdiction to terminate the mother's parental rights and affirm.

We review questions of subject matter jurisdiction de novo under the Uniform Child–Custody Jurisdiction and Enforcement Act (UCCJEA), enacted as Iowa Code chapter 598B. *In re Guardianship of Deal–Burch*, 759 N.W.2d 341, 343 (Iowa Ct. App. 2008). A party may raise subject matter jurisdiction at any time. *In re Jorgensen*, 627 N.W.2d 550, 554 (Iowa 2001). Jurisdictional requirements are mandatory, not discretionary. *In re Marriage of Ross*, 471 N.W.2d 889, 893 (Iowa Ct. App. 1991). "If the court lacks subject matter jurisdiction, it is *without authority* to hear the case and must dismiss the petition." *Id.* (emphasis in original). We review orders terminating parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's ruling as our own.

On January 9, 2015, the mother first challenged the court's jurisdiction at the termination hearing by orally moving to dismiss the underlying proceedings. The State and the guardian ad litem, filed a motion to stay proceedings to investigate the jurisdictional issues. A hearing on permanency/termination of

parental rights and jurisdiction was held on March 24, 2015. The juvenile court found it had jurisdiction, and noted:

1. North Dakota does not have now and never has had an open juvenile court case concerning [K.S.];

2. The Attorney General's office and Juvenile Court Referee Jay Knudson, both practicing and presiding in the county in which [K.S.] resided prior to coming to the State of Iowa, will not accept jurisdiction of this child and declined to take jurisdiction of this child;

3. Both the North Dakota Attorney General's office and Referee Knudson proffer that Iowa appears to be the most convenient forum;

4. The underlying court had previously taken subject matter and personal jurisdiction of this child after testimony in the underlying proceedings finding Iowa to be the most convenient forum and based upon contacts that the mother and child had had with various community organizations, including medical care;

5. That the court had the authority to take jurisdiction of the child pursuant to an emergency removal order entered in this matter on May 19, 2014 following a police removal, which took place on May 17, 2014.

6. The mother was present and did not contest the jurisdiction of the court at the emergency removal hearing held on May 29, 2014. The mother was present and did not contest the jurisdiction of the juvenile court at the adjudication hearing held in this matter on July 22, 2014, and, in fact, agreed that [K.S.] was a Child in Need of Assistance. Further, the mother was present at the dispositional hearing held on October 28, 2014 and did not contest jurisdiction at that time;

7. A termination of parental rights proceeding was held on October 28, 2014 concerning the parental rights of [K.S.]'s putative father to her, during which time [the mother] was present and did not object to jurisdiction of the court at that time.;

8. There was no appeal of any of the Child in Need of Assistance proceedings taken;

9. Given mother's incarceration as well as other factors outlined in the orders of the court entered in the Child in Need of Assistance action, the child could not have been returned to the mother's care during the pendency of this case;

10. Iowa is the most convenient forum in which to hear issues concerning [K.S.];

11. A child custody proceeding has not been and is not going to be commenced in the state of North Dakota, a state ostensibly having jurisdiction under Sections 598B.201 through 598B.203; therefore, the order entered taking temporary custody of

the child as the result of an emergency removal order is now a final order and, as such, Iowa now becomes the home state of [K.S.]. *See In re J.M.*, 832 N.W.2d 713 (Iowa Ct. App. 2013).

Taking all the findings as a whole and evidence presented to the court, the court finds it has subject matter and personal jurisdiction to proceed in the termination of parental rights proceeding concerning [K.S.] finding that Iowa is not only the most convenient forum but is also the home state of the child pursuant to 598B.204(2).

Upon the State's request for leave to file an amended termination of parental rights petition, the court continued the permanency review/termination of parental rights hearing until April, 28. The termination of parental rights hearing was held on April 28, and the juvenile court issued an order on July, 7 terminating the mother's parental rights pursuant to Iowa Code sections 232.116(1)(h), (i), and (k) (2013).

The mother now appeals. She does not challenge any of the grounds used by the juvenile court to terminate her parental rights. Instead, she claims the juvenile court was without jurisdiction to enter any order. The mother specifically claims the juvenile court lacked jurisdiction as a "judicial determination" was not made by North Dakota to decline jurisdiction or find Iowa was the more appropriate forum. She also claims the evidence presented shows Iowa is not K.S.'s home state pursuant to Iowa Code section 598B.201(1)(a).

Upon our de novo review, we find the juvenile court properly followed the procedure listed in Iowa Code section 598B.204 in establishing jurisdiction over the child. *See In re J.M.*, 832 N.W.2d 713, 723 (Iowa Ct. App. 2013) ("We recognize that even when Iowa is not the child's home state, a temporary child custody order may become a final child custody determination. *See* Iowa Code

§ 598B.204(2), (3)."); *see also In re E.D.*, 812 N.W.2d 712, 719 (Iowa Ct. App. 2012) (juvenile court has a duty to communicate with the other state's court and "clarify jurisdiction before proceeding, and ensure there are not two competing orders or actions.").

We affirm the juvenile court order finding it had subject matter jurisdiction and the order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**