## IN THE COURT OF APPEALS OF IOWA

No. 15-1104
Filed September 14, 2016

**IN THE MATTER OF THE GUARDIANSHIP
OF M.M. AND J.M.,
Minor Children,**

**J.H., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Fayette County, Joel A. Dalrymple,

Judge.


        A father challenges the appointment of maternal grandparents as

guardians over his two children. **VACATED AND DISMISSED.**



        Nicholas A. Sarcone of Stowers & Sarcone, P.L.C., West Des Moines, for

appellant father.

        Carolyn J. Beyer of Beyer Law Firm, P.C., Iowa City, for appellees.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A father challenges the appointment of maternal grandparents as guardians over his two children. He raises a number of issues, one of which we find dispositive: the maternal grandparents' failure to formally notify the children's caretakers of their guardianship action.

## I.    *Background Facts and Proceedings*

This appeal involves two of the father's children, born in 2006 and 2009. The mother's parental rights to these children were terminated in a Michigan proceeding. The children were placed in the father's care. He moved them to his home in Iowa where, according to the Michigan Department of Human Services, they adjusted well to their placement. The father afforded the children visits with their maternal grandparents, who had served as their foster parents in Michigan and had since moved to Iowa.

Meanwhile, the father was charged with a federal crime. He sent the children to stay with his parents in Texas and gave them power of attorney over the children's affairs. He also signed a letter purporting to appoint his mother guardian of the children. He came to realize the document was not "good enough" to create a guardianship.

The paternal grandparents cared for the children and enrolled them in Texas schools. Meanwhile, the maternal grandparents filed an Iowa petition seeking to become permanent co-guardians of the children. The paternal grandmother responded with a similar application in Texas. The father filed a pre-answer motion to dismiss the Iowa action on the ground the children were living in Texas with the paternal grandparents, to whom he had provided power

of attorney and guardianship letters. He asserted the Iowa district court lacked personal jurisdiction over his children. The district court did not rule on the motion prior to trial. Although the record contains an e-mail documenting some communication between the Iowa and Texas courts, the outcome of these communications is unclear.

The Iowa court scheduled the case for trial. Following trial, the court rejected jurisdictional challenges raised by the father in his pre-answer motion and pre-trial brief and granted the maternal grandparents' guardianship petition.

On appeal, the father leads off with a notice issue, which we find dispositive.

## II.      UCCJEA – Notice

The Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) provides the exclusive jurisdictional basis for making a child custody determination. *See* Iowa Code § 598B.201(1), (2) (2015). A child-custody proceeding "includes a proceeding for . . . guardianship . . . in which the issue may appear." *Id.* § 598B.102(4).

Chapter 598B contains the following notice provision:

> *Before a child-custody determination is made under this chapter*, *notice and an opportunity to be heard in accordance with the standards of section 598B.108 must be given to* all persons entitled to notice under the law of this state as in child-custody proceedings between residents of this state, any parent whose parental rights have not been previously terminated, and *any person having physical custody of the child*.

*Id.* § 598B.205(1) (emphasis added).

The father contends, "Notice was required to the paternal grandparents under Iowa Code § 598B.205, and without this notice the judgment is invalid and

unenforceable." The maternal grandparents respond that error was not preserved.

Error preservation is not a concern because the provisions of the UCCJEA are jurisdictional and challenges to subject matter jurisdiction may be raised at any time. *See In re Jorgensen*, 627 N.W.2d 550, 554-55 (Iowa 2001) (noting the precursor to UCCJEA "set forth the jurisdictional requirements with regard to a custody determination," which were questions of subject matter jurisdiction the court could determine even though the parties did not raise them); *In re Marriage of Ross*, 471 N.W.2d 889, 893 (Iowa 1991) (stating jurisdictional requirements of precursor to UCCJEA were mandatory, not discretionary); *see also Klinge v. Bentien*, 725 N.W.2d 13, 16 (Iowa 2006) ("Lack of subject matter can be raised 'at any time.'" (citation omitted)); *In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003) (stating the father "had every right to challenge" a termination order based on the absence of notice to him, even though he waited until the appeal to do so, because void judgments are subject to attack at any time); *White v. Harper*, 807 N.W.2d 289, 293 (Iowa Ct. App. 2011) ("Courts may raise the issue of subject matter jurisdiction at any time."). But even if section 598B.205 did not implicate the court's subject matter jurisdiction, we conclude the statutory notice issue was raised—albeit belatedly—and was decided by the district court, obviating any error preservation concerns. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We proceed to the merits.

Section 598B.205(1) requires notice "under the law of this state" to be given to "any person having physical custody of the child." The UCCJEA defines "physical custody" as "the physical care and supervision of a child." Iowa Code § 598B.102(14). At the time the maternal grandparents filed their guardianship action, the paternal grandparents had physical custody of the children. The district court conceded as much, citing the father's "intent and desire to otherwise remove the children from Iowa and place them within the care and custody of his parents," "the children's relocation" to Texas, and the father's continued residence in Iowa. The paternal grandparents attended to the children's daily needs, including their educational and medical needs, pursuant to the power of attorney granted by the father. While the district court concluded the power of attorney had "no bearing upon the custody determination or finding for the purposes of the notice issue," we are persuaded otherwise. The father, who indisputably had legal custody of the children, possessed the authority to assign others as physical caretakers. The power of attorney he executed evinced his intent to assign his parents as the caretakers. *Cf. In re Sophia G.L.*, 890 N.E.2d 470, 483-84 (Ill. 2008) (finding no notice to maternal grandfather was required in the absence of evidence that he "was responsible for [the child's] physical care and supervision").

Having concluded the paternal grandparents had physical custody of the children, we further conclude they were entitled to notice of the Iowa guardianship proceeding. *See* Iowa Code § 598B.205(1). Section 598B.108 specifies the type of notice to which they were entitled:

1. Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process or by the law of the state in which the service is made. Notice shall be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.

2. Proof of service may be made in the manner prescribed by the law of this state or by the law of the state in which the service is made.

3. Notice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court.

The paternal grandparents did not receive the types of notice specified in section 598B.108. *See id.*; *Harper*, 807 N.W.2d at 295 n.10 (noting parents who have physical custody of a child are bound by child custody determinations only if they were "notified in accordance with section 598B.108" or submitted to the jurisdiction of the court); Iowa Rs. Civ. P. 1.305, 1.306 (prescribing methods of service). Again, the district court conceded as much, stating the record contained no proof of service of the guardianship action on the paternal grandparents. But, the court surmised they must have had actual notice of the proceedings based on their relationship with the father and the children's god parents.

Where notice is required, actual notice is insufficient. *See State v. Kaufman*, 201 N.W.2d 722, 724 (Iowa 1972) ("Actual notice, manifested by the special appearance, is no substitute for service of notice according to statute."); *In re J.R.H.*, No. 05-0610, 2005 WL 1398586, at *1 (Iowa Ct. App. June 15, 2005) ("The fact that a parent may be aware of the legal proceedings through informal sources does not relieve the State of its obligation to provide formal notification of the child-in-need-of-assistance proceedings."); *see also Ex parte D.B.*, 975 So. 2d 940, 952-53 (Ala. 2007) ("Although it appears that the adoptive

couple had actual notice of the Nebraska proceeding, given that one of their attorneys was present, nothing in the record indicates that the adoptive couple were properly served with notice of that proceeding.  Additionally, the adoptive couple's attorney who was present in the Nebraska proceeding never made an official appearance, and there is no indication in the record that he participated in the proceeding in any way.").  Formal notice was required.  *See* Iowa Code § 598B.108.  The absence of formal notice deprived the Iowa district court of subject matter jurisdiction.

We vacate the ruling in the maternal grandparents' guardianship action as void and unenforceable.

**VACATED AND DISMISSED.**