# IN THE COURT OF APPEALS OF IOWA

No. 20-1302
Filed June 30, 2021

**ANGELA VICTORIA HULLMAN,**
Plaintiff-Appellee,

**vs.**

**BILL ROBERT RICHARDS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fremont County, Margaret Reyes,

Judge.

Bill Richards appeals the denial of his request to modify the physical care

provisions of the custody decree. **REVERSED AND REMANDED.**

Kyle E. Focht of Focht Law Office, Council Bluffs, for appellant.

Jaclyn A. Tackett of Jaci Tackett Law, PLLC, Council Bluffs, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Physical abuse of the child by the father, Bill Richards, ignited a custody dispute with Angela Hullman, the mother. This child was born in 2007. The legal proceedings began in Missouri, when a district court entered a March 2009 custody decree adopting the parent's stipulated parenting plan. Under the 2009 decree, Bill and Angela received joint legal custody of the child with Angela having physical care pursuant to the parenting plan.[1] But, after physical abuse was alleged in February 2019, Angela asked for an emergency order in Iowa and for a modification of their custody order to establish her "sole physical care and sole legal custody" of their child. Bill counterclaimed and responded that joint legal custody to both parties should remain with physical care in him. Following a modification hearing in February 2020, the district court denied Bill's request for physical care. Although Angela retained physical care of the child, Bill's visitation rights were expanded. Bill appeals the ruling, asking we grant him physical care of the child.[2]

As an initial matter, no one raised whether Iowa had subject matter jurisdiction over the controversy. On our review, we first examine if the mandatory jurisdictional prerequisites required under the Uniform Child-Custody Jurisdiction

[1] The district court in Atchinson County, Missouri, entered a custody decree approving and incorporating the parties' stipulated parenting plan. The plan characterized the custody arrangement as "joint legal and joint physical custody" with Angela designated as the "residential custodian for school and mailing purposes." Under the parenting plan, the parents agreed to give Angela the "residential care, custody and control of the minor child" with "liberal reasonable rights of temporary custody and visitation" in Bill.

[2] Angela waived the filing of a responsive appellate brief but noted she agreed with the findings and conclusions of the district court.

and Enforcement Act[3] (UCCJEA) were met. *See In re Marriage of Ross*, 471 N.W.2d 889, 893 (Iowa Ct. App. 1991) (dismissing a petition for modification because Iowa lacked jurisdiction from its inception and therefore could not reach the merits of the case). If we determine the court lacked subject matter jurisdiction, it has no authority to hear the case and the court must dismiss the petition. *See In re B.C.*, 845 N.W.2d 77, 79 (Iowa Ct. App. 2014). "The question whether a court has subject matter jurisdiction may be raised at any time and is not waived even by consent." *In re Jorgensen*, 627 N.W.2d 550, 554 (Iowa 2001). And, because this jurisdictional issue is raised in the context of a custody proceeding, our review is de novo. *In re Marriage of Cervetti*, 497 N.W.2d 897, 699 (Iowa 1993).

Without question, under this record, the Iowa court had authority to address an application for temporary emergency jurisdiction. The incident justifying emergency action occurred in February 2019, when Bill went through the then-eleven-year-old child's cell phone and found he was engaging in troubling social media activity on Instagram. Bill was very concerned and confronted the child, who became extremely agitated. The child was obstinate and disrespectful, screaming and cursing at Bill. Bill responded by slapping the child across the face and spanking him. Instead of returning the child on Sunday, Bill asked Angela, and she allowed him, to bring the child home on Monday. Upon his return home, Angela observed a handprint on the child's face and bruises on his buttocks. Angela contacted local authorities who contacted the Iowa Department of Human

---

[3] The UCCJEA is a jurisdictional act that includes proceedings involving the physical custody and visitation of a child as well as child-custody proceedings involving neglect and abuse. Iowa Code § 598B.102(3), (4) (2019).

Services (DHS). While no criminal charges followed,[4] the DHS investigation resulted in a founded child-abuse assessment against Bill for physical abuse. With protection for the child at the forefront, Angela applied to register the foreign custody decree and for an ex parte order for temporary custody under Iowa Code section 598B.204. After the district court granted the application and entered an emergency order suspending Bill's visitation, the parents agreed to certain temporary conditions pending a trial on the modification. But other than initially referencing chapter 598B in the original application, no one raised the jurisdictional question of the Iowa court's authority to determine custody in the modification action.

To address the jurisdictional question, we start with section 598B.204(1), authorizing the emergency action in Iowa. That section provides:

> A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

Iowa Code § 598B.204(1). Given the concerns about the physical abuse, we find the district court had temporary emergency jurisdiction to enter the order suspending visitation. But the purpose of the emergency order is to protect the child until jurisdiction is established to proceed further. *See In re E.D.*, 812 N.W.2d 712, 717-18 (Iowa Ct. App. 2012) (holding "the exercise of emergency jurisdiction

---

[4] The Missouri county attorney investigating the allegations declined to bring charges, writing, "Anyone who administers corporal punishment and spanks their children will acknowledge that, on occasion bruising will occur. That which may be considered child abuse by some people sometimes in actuality simply represents a different philosophy on child discipline."

only confers authority to enter temporary protective orders"). To address jurisdiction over the modification action, the next step mandated communication with the other state involved, here Missouri. *See id.* at 719 (noting the requirement under the temporary emergency jurisdiction provision to immediately communicate with the other court once the Iowa court is informed that child-custody determination has been made by a court of a state having jurisdiction under sections 598B.201 through 598B.203). There is nothing in this record to confirm our district court contacted the Missouri court before proceeding to a modification of custody trial.

Because Missouri initially made a determination over child custody, we examine the prerequisite steps to modification under section 598B.203. That section, involving jurisdiction to modify a determination, provides:

> Except as otherwise provided in section 598B.204, a court of this state shall not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under section 598B.201, subsection 1, paragraph "a" or "b", and either of the following applies:
> (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 598B.202 or that a court of this state would be a more convenient forum under section 598B.207.
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.[5]

Iowa Code § 598B.203. As a preliminary hurdle, section 598B.201(1)(a) requires the court to answer the question of which state is the "home state"[6] of the child.

---

[5] We find section 598B.203(2) does not apply here because Bill resides in Missouri.
[6] Iowa Code section 598B.102(7) defines the "home state" as:
> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding. In the case of a child

The answer is found in the pleadings of the parents. In the application to modify custody, Angela asserted that Iowa was the home state of the child because from September 2008 onward the child lived in Iowa. Bill admitted these allegations in his answer. Even with that concession, the Missouri court must still determine: (1) if it "no longer has exclusive, continuing jurisdiction" or (2) if Iowa is a "more convenient forum." *See* Iowa Code § 598B.203(1). Yet, under this record, we are not able to ascertain if the Missouri district court made that determination. Again, there is no record the Missouri court was notified about the pending case.

As for a convenient forum, Iowa would likely fit that category because the child's home state has been Iowa for over ten years, but the UCCJEA prerequisite steps to address the Missouri court's jurisdiction are mandatory, not permissive. *See Ross*, 471 N.W.2d at 893. Until that UCCJEA query is resolved, Iowa does not have subject matter jurisdiction over the child-custody determination. Having addressed a similar predicament in *E.D.* involving the state of Tennessee, we tap that process here. *See* 812 N.W.2d at 720–21. In *E.D.*, the court directed:

> Under these circumstances, the better practice is for the court itself to make this communication to clarify jurisdiction before proceeding, and ensure there are not two competing orders or actions. Here, we find no evidence in the record that such communication to Tennessee was made by the court or by the parties, or any order ever obtained from Tennessee. If there had been communication and an order received from Tennessee that it declined jurisdiction, subject matter jurisdiction would have existed pursuant to section 598B.201(1)(b).

*Id.* (footnotes omitted).

---

less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

Because the district court lacked jurisdiction over this custody proceeding, we reverse and remand to the district court for an order dismissing the Iowa action until the prerequisites of the UCCJEA are satisfied. If a new modification petition is filed in Iowa, the district court shall contact the Missouri courts to determine if that state will decline the exercise of jurisdiction in this case. If Missouri exercises jurisdiction, the Iowa court must defer to the exercise of that jurisdiction and transfer the new modification case to Missouri for further proceedings. However, if Missouri declines jurisdiction, the Iowa court may exercise jurisdiction over any newly filed proceedings pursuant to section 598B.201(1). Because the removal order is no longer in place, we have no further jurisdiction over the temporary matter.

**REVERSED AND REMANDED.**